IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 2, 2020

**IN RE JUSTIN D., ET AL.**[1]

**Appeal from the Juvenile Court for Unicoi County**
**No. JV8653          David R. Shults, Judge**

_____

**No. E2019-00589-COA-R3-PT**

_____

D. MICHAEL SWINEY, C.J., concurring and dissenting.

I concur with the majority's opinion except as to the holding that the ground as to the "failure to manifest an ability and willingness to assume custody" was not satisfied as to Mother. This Court is split on this issue, and I agree with the line of cases that hold that the parent has to be able and willing rather than just either of the two. *See In re Amynn K.*, No. E2017-01866-COA-R3-PT, 2018 WL 3058280, at \*12-14 (Tenn. Ct. App. June 20, 2018). I would affirm the Trial Court's determination "that the Petitioners have proven by clear and convincing evidence that the Mother has demonstrated an unwillingness to assume custody of the minor children." I agree with the Trial Court that Mother's "sobriety was only very recently established, and her continued success in her sobriety is questionable . . . ." Mother's unwillingness to assume custody satisfies this requirement of Tenn. Code Ann. § 36-1-113(g)(14). I concur in all the rest of the majority's opinion including termination of Father's and Mother's parental rights. Given this Court's recurring clear and irreconcilable split as to this question of statutory interpretation, I request the Tennessee Supreme Court accept and resolve this issue once it has the opportunity to do so.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[1] This Court has a policy of protecting the identity of children by initializing the last names of the parties.